**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JORGE A. RUIZ,

Petitioner,

v.

ACTING OR CURRENT WARDEN, ADELANTO ICE PROCESSING CENTER GEO GROUP INC., et al.,

Respondents.

Case No. 5:26-cv-06629-SPG-CTS

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [ECF No. 7]**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. (R. & R., ECF No. 7.) Respondents waived their right to file objections to the Report.[1]

[1] The U.S. Attorney's Office has informed the Central District of California that if a Notice of Appearance is not filed within four days of an immigration habeas petition, the Court may assume that it will not oppose the petition. As Respondents did not file a Notice of Appearance or an Answer to the Petition here, the Court construes this absence of filing as waiver of the right to file objections.

Petitioner alleges that he was granted bond and released from ICE custody in May 2013; however, on October 6, 2026, ICE agents handcuffed and took him into custody without notice, a warrant, or proper revocation of his release. (Pet. at 2–3, ECF No. 1.) The Report recommends that the Court grant the unopposed Petition and order Respondents to release Petitioner Jorge A. Ruiz from custody within 24 hours from the date of entry of this Court's order and on the same conditions as his previous release. (R. & R. at 4.)

The Court agrees with the Report. The Supreme Court has found that individuals possess a protected liberty interest against re-incarceration. *See, e.g., Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). District courts in this Circuit have recognized that noncitizens living in the United States under an order permitting their conditional release from custody possess the same protected liberty interest. *See Zaitsev v. Warden, Adelanto ICE Processing Center*, No. 2:26-CV-00454-SPG-AS, 2026 WL 1047942, at *5 (C.D. Cal. Apr. 15, 2026) (collecting cases). The Ninth Circuit has assumed without deciding that the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976) applies to procedural due process claims in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) (considering "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."). Applying this test to the facts alleged by Petitioner, the Court finds that (1) Petitioner has a strong interest in his continued freedom on conditional parole; (2) there appears to have been a high risk of erroneous deprivation of that interest, because Petitioner was taken into custody without notice, or opportunity to be heard; and (3) the Government's interest in detaining noncitizens who are subject to removal does not justify re-detention, especially considering the Government's implicit determination upon Petitioner's prior release that he neither posed a danger to the

community nor a flight risk, as well as Petitioner's history of compliance with his reporting requirements. (*See* Pet. at 2–3.) On these alleged facts, the Court finds that Petitioner was entitled to notice for the basis of the revocation of his parole and a pre-detention hearing. *See Zaitsev*, 2026 WL 1047942, at *7. Because a post-detention hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing, *see id.*, the Court agrees with the Report's recommendation to order Petitioner's release to return the parties to the status quo. (R. & R. at 4.) The Court accepts the findings, conclusions and recommendations of the Magistrate Judge.

It is therefore ORDERED that (1) the Report and Recommendation is accepted and adopted; (2) Judgment is entered GRANTING the Petition; and (3) Respondents shall RELEASE Petitioner Jorge A. Ruiz (A 075-608-213) from custody within 24 hours of entry of this Order on the same conditions as his previous release.

**IT IS SO ORDERED.**

DATED: November 20, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE